**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BRIDGET MCMULLAN,<br>2742 Welshtown Road<br>Slatington, PA 18080,<br><br>Plaintiff<br><br>v.<br><br>IMG CORPORATIONS, INC. aka IMARKET GLOBAL INC. aka IMG CORP.; SUMMIT ENERGY, INC.; SFE ENERGY INC.; SFE ENERGY CANADA INC.; SFE ENERGY PENNSYLVANIA, INC. aka SFE ENERGY; JEREMY BLAND; JOHN DOE CORPORATION #1, JOHN DOE CORPORATION #2, JOHN DOE CORPORATION #3,<br><br>Defendants. | CIVIL ACTION NO. 5:26-CV-03004<br><br>Jury Trial Demanded Pursuant to F.R.Civ.P. No 38(b) |

**ORDER**

AND NOW, this _____ day of ______________, 2026, upon consideration of Plaintiff's Motion for Alternative Service of Process on Defendant Jeremy Bland, and any response thereto, it is hereby ORDERED that the Motion is GRANTED.

It is FURTHER ORDERED that Plaintiff may effectuate service of the Summons, Complaint, Exhibits, Civil Cover Sheet, and Designation Form upon Defendant Jeremy Bland by:

1. mailing true and correct copies of the aforementioned documents to 2527 Home Crest Dr, San Jose, California 95148, by both first-class mail and certified mail, return receipt requested; and

2. affixing a true and correct copy of the aforementioned documents to the front door of the residence located at 2527 Home Crest Dr, San Jose, California 95148.

It is FURTHER ORDERED that service on Defendant Jeremy Bland shall be deemed complete upon compliance with paragraphs 1 and 2 above, and Plaintiff shall file proof of such service with the Court.

BY THE COURT:

______________________________
J.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BRIDGET MCMULLAN,<br>2742 Welshtown Road<br>Slatington, PA 18080,<br><br>Plaintiff<br><br>v.<br><br>IMG CORPORATIONS, INC. aka<br>IMARKET GLOBAL INC. aka IMG CORP.<br>SUMMIT ENERGY, INC.; SFE ENERGY<br>INC.; SFE ENERGY CANADA INC.;<br>SFE ENERGY PENNSYLVANIA,<br>INC. aka SFE ENERGY;<br>JEREMY BLAND; JOHN DOE<br>CORPORATION #1, JOHN DOE<br>CORPORATION #2, JOHN DOE<br>CORPORATION #3,<br><br>Defendants. | CIVIL ACTION NO. 5:26-CV-03004<br><br>Jury Trial Demanded Pursuant to<br>F.R.Civ.P. No 38(b) |

**MOTION FOR ALTERNATIVE SERVICE OF PROCESS**
**ON DEFENDANT JEREMY BLAND**

Plaintiff, Bridget McMullan, by and through undersigned counsel, respectfully moves this Honorable Court, pursuant to Federal Rule of Civil Procedure 4(e)(1), Pennsylvania Rule of Civil Procedure 430(a), and California Code of Civil Procedure sections 415.20(b) and 415.50, for an Order authorizing alternative service of the Summons, Complaint, Exhibits, Civil Cover Sheet, and Designation Form upon Defendant Jeremy Bland ("Defendant Bland"), and in support thereof states as follows:

1. Plaintiff commenced this action against, among other defendants, Jeremy Bland, an individual believed to reside at 2527 Home Crest Dr, San Jose, California 95148 (the "Residence").

2. Since June 12, 2026, Plaintiff has undertaken no fewer than nine (9) separate, good-faith attempts to effectuate personal service of process on Defendant Bland at the Residence, through two different licensed, independent process servers, at varying days of the week and times of day, as reflected in the two Proofs of Service (Returns of Service Unexecuted) attached hereto as Exhibit "A".

3. The first process server, Camilo Diaz Guerrero, received the summons for Defendant Bland on June 12, 2026, and thereafter attempted service at the Residence on the following seven occasions:

a. June 15, 2026 at 6:43 p.m. – spoke with an individual who identified as a resident, who stated the subject resides there but was not available;

b. June 19, 2026 at 6:57 p.m. – no answer at the address;

c. June 25, 2026 at 5:38 p.m. – no answer at the address;

d. June 30, 2026 at 11:30 a.m. – no answer at the address;

e. July 11, 2026 at 7:31 p.m. – unable to access the address due to an unrestrained animal;

f. July 18, 2026 at 11:14 a.m. – spoke with an individual who identified as a resident, who stated the subject was unknown; and

g. July 29, 2026, at both 7:16 p.m. and 7:20 p.m. – spoke with a woman present at the Residence with two dogs, who stated that the subject resides there but was not available at

that time, confirmed that Defendant Bland does live at the Residence, but stated that she did not wish to accept documents on his behalf.

4. Having been unable to complete service after seven attempts over a seven-week period, Mr. Diaz Guerrero returned the summons unexecuted on July 30, 2026. See Exhibit "A."

5. A second, independent process server, Rafayel Asatryan, thereafter received the summons for Defendant Bland on August 10, 2026, and made two further attempts at the same Residence:

a. August 10, 2026 at 2:33 p.m. – no answer at the address; and

b. August 13, 2026 at 2:27 p.m. – no answer at the address, although dogs were heard barking inside in response to the server's knock.

6. Mr. Asatryan likewise returned the summons unexecuted on August 13, 2026. See Exhibit "A."

7. In total, Plaintiff has made nine (9) documented attempts at personal service over the course of approximately two months, at all times of day and on both weekdays and weekends, through two separate professional process servers. On at least one occasion, an occupant of the Residence expressly confirmed that Defendant Bland resides there but refused to accept service on his behalf.

8. Plaintiff's repeated, diligent efforts establish that Defendant Bland is evading service and that traditional means of service under Fed. R. Civ. P. 4(e)(2) have been rendered impracticable. Further attempts at personal or substitute service at the Residence would be futile

and would serve only to delay this litigation and impose additional, unnecessary expense on Plaintiff.

9. Federal Rule of Civil Procedure 4(e)(1) permits service on an individual within a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Both Pennsylvania and California law authorize a court to order alternative means of service upon a showing that service by the ordinary methods cannot reasonably be accomplished. See Pa. R. Civ. P. 430(a); Cal. Civ. Proc. Code §§ 415.20(b), 415.50(a)(1). The facts set forth above and in the accompanying Memorandum of Law satisfy that standard.

10. Plaintiff respectfully requests that the Court authorize service of the Summons, Complaint, Exhibits, Civil Cover Sheet, and Designation Form on Defendant Bland by the following alternative means, each of which is reasonably calculated to apprise Defendant Bland of the pendency of this action and afford him an opportunity to respond, consistent with due process:

a. mailing true and correct copies of the Summons, Complaint, Exhibits, Civil Cover Sheet, and Designation Form to the Residence, 2527 Home Crest Dr, San Jose, California 95148, by both first-class mail and certified mail, return receipt requested; and

b. affixing a true and correct copy of the same documents to the front door of the Residence;

and deeming service complete upon compliance with subparagraphs (a) and (b) above.

11. A proposed form of Order is submitted herewith. A Memorandum of Law in support of this Motion accompanies and is incorporated into this Motion by reference.

**WHEREFORE,** Plaintiff, Bridget McMullan, respectfully requests that this Honorable Court enter an Order, in the form submitted herewith, authorizing Plaintiff to serve Defendant Jeremy Bland by the alternative means described above, and granting such other and further relief as the Court deems just and proper.

Submitted by:

*//s// Joseph F. Leeson, III*
JOSEPH F. LEESON, III, ESQUIRE
PA ID 328520
Attorney for Plaintiff
70 East Broad Street
Bethlehem, PA 18016
610.691.3320
jleeson@leeson-law.com

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BRIDGET MCMULLAN,<br>2742 Welshtown Road<br>Slatington, PA 18080,<br><br>Plaintiff<br><br>v.<br><br>IMG CORPORATIONS, INC. aka IMARKET GLOBAL INC. aka IMG CORP. SUMMIT ENERGY, INC.; SFE ENERGY INC.; SFE ENERGY CANADA INC.; SFE ENERGY PENNSYLVANIA, INC. aka SFE ENERGY; JEREMY BLAND; JOHN DOE CORPORATION #1, JOHN DOE CORPORATION #2, JOHN DOE CORPORATION #3,<br><br>Defendants. | CIVIL ACTION NO. 5:26-CV-03004<br><br>Jury Trial Demanded Pursuant to F.R.Civ.P. No 38(b) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE OF PROCESS ON DEFENDANT JEREMY BLAND**

## I. STATEMENT OF FACTS

Plaintiff filed this civil action naming, among other defendants, Jeremy Bland. Plaintiff believes Defendant Bland resides at 2527 Home Crest Dr, San Jose, California 95148. As detailed in the accompanying Motion and the attached Proofs of Service, Plaintiff engaged two separate, licensed process servers who together made nine documented attempts to personally serve Defendant Bland at that address between June 12, 2026, and August 13, 2026 – spanning more than two months, at differing hours of the day, and on both weekdays and weekends. On July 29, 2026, an occupant of the Residence confirmed to the process server that Defendant Bland lives there but refused to accept service on his behalf. Both process servers ultimately returned their respective summonses unexecuted.

## II. ARGUMENT

### A. Rule 4(e)(1) Permits Service By Any Method Authorized Under The Law Of The Forum State Or The State Where Service Is Attempted

Federal Rule of Civil Procedure 4(e)(1) provides that an individual may be served in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). This action is pending in the Eastern District of Pennsylvania, and the attempted service on Defendant Bland occurred in California. Accordingly, Plaintiff may rely on the law of either Pennsylvania or California to establish a basis for alternative service, and, as shown below, the standards of both states are satisfied here.

### B. Pennsylvania Rule Of Civil Procedure 430(a) Authorizes Alternative Service Upon A Showing That Service Cannot Reasonably Be Made By Usual Means

Pennsylvania Rule of Civil Procedure 430(a) provides that if service of process "cannot be made" under the applicable rules, "the plaintiff may move the court for a special order directing the method of service." Pa. R. Civ. P. 430(a). Courts applying Rule 430(a) require a showing of a good-faith effort to locate and serve the defendant by traditional means before authorizing an alternative method. Here, Plaintiff's two process servers made nine attempts at the Residence over roughly two months, at varying times and days, and confirmed through a direct conversation with an occupant that Defendant Bland resides there but is evading service. This record establishes the diligence Rule 430(a) requires.

### C. California Law Likewise Supports An Order For Alternative Service

California law reaches the same result. Substitute service under California Code of Civil Procedure section 415.20(b) is unavailable because no person of suitable age at the Residence will accept the documents on Defendant Bland's behalf. Section 415.50(a)(1) permits service by publication, or by an alternative court-ordered method, where the party to be served, "after

reasonable diligence, cannot be served in another manner." Cal. Civ. Proc. Code § 415.50(a)(1). Nine attempts by two independent process servers, including direct confirmation from an occupant of the Residence that Defendant Bland lives there but will not accept service, more than satisfies this standard.

**D. The Proposed Method Of Service Comports With Due Process**

Whether analyzed under Pennsylvania or California law, the ultimate constitutional touchstone is whether the proposed method of service is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950). Mailing copies of the Summons, Complaint, Exhibits, Civil Cover Sheet, and Designation Form to the Residence by both first-class and certified mail, combined with affixing a copy to the front door of the Residence, is reasonably calculated to provide actual notice to Defendant Bland, particularly given the confirmation that he resides there. Courts routinely approve substantially similar combinations of mailing and posting as alternative service where, as here, a defendant's residence is known but personal service has been repeatedly frustrated.

**III. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant the Motion and enter the accompanying proposed Order authorizing service on Defendant Jeremy Bland by mailing and posting as described herein.

Submitted by:

*//s// Joseph F. Leeson, III*

JOSEPH F. LEESON, III, ESQUIRE
PA ID 328520
Attorney for Plaintiffs
70 East Broad Street
Bethlehem, PA 18016
610.691.3320

jleeson@leeson-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on this ____ day of ______________, 2026, a true and correct copy of the foregoing Motion for Alternative Service of Process on Defendant Jeremy Bland, together with the accompanying Memorandum of Law and proposed Order, was filed electronically via the Court's CM/ECF system, which will send notice of such filing to all counsel of record.

Submitted by:

*//s// Joseph F. Leeson, III*

JOSEPH F. LEESON, III, ESQUIRE
PA ID 328520
Attorney for Plaintiffs
70 East Broad Street
Bethlehem, PA 18016
610.691.3320
jleeson@leeson-law.com

# EXHIBIT A

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. **2:26-cv-03004**

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for **Jeremy Bland**
was received by me on **6/12/2026:**

☐ I personally served the **COMPLAINT; EXHIBITS; CIVIL COVER SHEET; DESIGNATION FORM** on the individual at *(place)* on *(date)* ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* , a person of suitable age and discretion who resides there, on , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* , who is designated by law to accept service of process on behalf of *(name of organization)*; or

☒ I returned the summons unexecuted because **Unknown** after attempting service at **2527 HOME CREST DR, SAN JOSE, CA 95148**; or

☐ Other *(specify)*

My fees are $ 0 for travel and **$ 169.00** for services, for a total of **$ 169.00**.

I declare under penalty of perjury that this information is true.

Date: 07/30/2026

*Server's signature*

**Camilo Diaz Guerrero**
*Printed name and title*

**270 palm valley blvd**
**Apt 210**
**San jose, CA 95123**
*Server's address*

Additional information regarding attempted service, etc:

**6/15/2026 6:43 PM: I spoke with an individual who identified themselves as the resident and they stated subject resides but not available at this time.**
**6/19/2026 6:57 PM: There was no answer at the address.**
**6/25/2026 5:38 PM: There was no answer at the address.**
**6/30/2026 11:30 AM: There was no answer at the address.**
**7/11/2026 7:31 PM: I was unable to access the address due to unrestrained animal although I waited.**
**7/18/2026 11:14 AM: I spoke with an individual who identified themselves as the resident and they stated subject unknown.**
**7/29/2026 7:16 PM: There was no answer at the address.**

Tracking #: 0234892626

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 3)

Civil Action No. **2:26-cv-03004**

**7/29/2026 7:20 PM: I spoke with an individual who identified themselves as the resident and they stated subject resides but not available at this time. I spoke with a woman who was with two dogs—a grey-and-black French Bulldog and a Pitbull; they are not friendly. She confirmed that Jeremy does live there, but she does not wish to accept documents for him.**

Tracking #: 0234892626

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. **2:26-cv-03004**

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for **Jeremy Bland**
was received by me on **8/10/2026:**

☐ I personally served the **COMPLAINT; EXHIBITS; CIVIL COVER SHEET; DESIGNATION FORM** on the individual at *(place)* on *(date)* ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* , a person of suitable age and discretion who resides there, on , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* , who is designated by law to accept service of process on behalf of *(name of organization)*; or

☒ I returned the summons unexecuted because **Other** after attempting service at **2527 HOME CREST DR, SAN JOSE, CA 95148**; or

☐ Other *(specify)*

My fees are $ 0 for travel and **$ 169.00** for services, for a total of **$ 169.00**.

I declare under penalty of perjury that this information is true.

Date: 08/13/2026

*Server's signature*

**Rafayel Asatryan**
*Printed name and title*

**1212b norman ave**
**Santa Clara, CA 95054**

*Server's address*

Additional information regarding attempted service, etc:

**8/10/2026 2:33 PM: There was no answer at the address.**
**8/13/2026 2:27 PM: There was no answer at the address. the dogs are barking, but no one is answering my knock**

Tracking #: 0237038217